UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-00036-JAW-2 |
| | ) | |
| MINNOLTA CHHAY | ) | |

## ORDER

On February 4, 2020, the Court sentenced Minnolta Chhay to twenty-four months of imprisonment followed by three years of supervised release and no fine for possession of cocaine with the intent to distribute, a violation of 21 U.S.C. § 841(a)(1). *J.* (ECF No. 94). On June 11, 2020, Ms. Chhay filed a pro se motion for compassionate release and motion for immediate release to home confinement. *Mot. for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A); Mot. for Immediate Release to Home Confinement* (ECF No. 98) (*Def.'s Mot.*). In accordance with General Order 2020-6, the Court reviewed the motions as well as additional information provided by the Probation Office. *Compassionate Release Req. Inmate Data* (ECF No. 100).

Based on the Court's review, there is no evidence on this record that Ms. Chhay has satisfied the mandatory requirement that she exhaust her administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). *See United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *6-12 (D. Me. Apr. 10, 2020). With her motions, Ms. Chhay submitted an amendment to her motion stating that she had applied to the Warden for compassionate release; however, she left blank the date of the application. *Def.'s Mot.*, Attach. 3, *Amendment to Compassionate Release*; *Mot. for Immediate Release to Home Confinement* at 1. The date of her amendment

is June 5, 2020, and, assuming this is the date of her application, thirty days have not yet lapsed from the Warden's receipt of her request. Although Ms. Chhay asked the Court to waive the exhaustion requirement in her case, the Court has not concluded that the exhaustion requirement is waivable and, if it is, Ms. Chhay has presented no justification for waiving the mandatory statutory exhaustion requirement in her case.

Furthermore, if the Court were to retain her motion on the docket while the exhaustion requirement is satisfied, there is a significant risk that the Court would be required to dismiss the motion once Ms. Chhay fulfilled the exhaustion requirement. *See McNeil v. United States*, 508 U.S. 106 (1993); *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321 (6th Cir. June 2, 2020); *United States v. Cain*, No. 1:16-cr-00103-JAW-1, 2020 U.S. Dist. LEXIS 100807, at *5-8 (D. Me. Jun. 9, 2020).

The Court therefore DISMISSES without prejudice Minnolta Chhay's Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) and Motion for Immediate Release to Home Confinement (ECF No. 98) to allow her to refile, if she chooses to do so, once she has satisfied the thirty-day exhaustion requirement.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2020